## No. 26,921.

THE FARMERS EQUITY COÖPERATIVE ASSOCIATION, *Appellee*, v.
W. O. TICE, *Appellant*.

### SYLLABUS BY THE COURT.

1. BILLS AND NOTES—*Construction — Contemporaneous Agreements Construed Together*. Separate writings executed by the same parties at the same time, in the course of and as parts of the same transaction and intended to accomplish the same object, are to be construed together.

2. SAME—*Consideration—What Constitutes*. Any benefit, profit or advantage to the promisor or any loss, detriment or inconvenience to the promisee is sufficient consideration to support a promissory note.

3. SAME—*Consideration—Benefit to Obligor*. It is not essential that the consideration shall flow direct from one party to the other, but there must be some benefit flowing to the obligor which he would not have received but for the contract.

Appeal from Decatur district court; WILLARD SIMMONS, judge. Opinion filed December 11, 1926. Affirmed.

*V. D. Woodward* and *W. S. Langmade*, both of Oberlin, for the appellant.
*J. F. Peters*, of Oberlin, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The action was one to recover on a promissory note. Plaintiff prevailed and defendant appeals.

The note was executed under an agreement which reads:

"This mutual agreement entered into on this 30th day of December, 1920,

Bills and Notes, 8 C. J. pp. 196 n. 91, 212 n. 7, 213 n. 14; 43 L. R. A. 449; 3 R. C. L. 870, 930.

by and between the parties whose signatures are affixed hereto and hereinafter called the signers, Witnesseth: Whereas, the Farmers Equity Coöperative of Dresden, Kan., has sustained a financial loss which has impaired its capital; and whereas, the signers hereto are each and severally the owners of a share of the capital stock, and as members of said association are desirous of restoring the capital of said association; and whereas, certain members of said association have signed and delivered to the said association their certain promissory notes of even date herewith payable one year from date with interest at 8 per cent per annum from date until paid, said promissory notes aggregating and totaling the sum of ten thousand (10,000) dollars; and whereas, the signers hereto as said owners of said capital stock are desirous of having said association continue in operation, and as members and stockholders of said association will be entitled to certain patronage and stock dividends. It is hereby mutually agreed by and between the signers hereto as follows, to wit: That all of said patronage and stock dividends as above mentioned which shall become due and payable to the signers hereof after the 1st day of June, 1920, in accordance with the articles of incorporation and by-laws of said association, are hereby assigned to and said association is hereby authorized to pay said patronage and stock dividends to the trustee hereinafter named for the purposes hereinafter set forth; that said trustee shall immediately upon receipt of said patronage and stock dividends from said association, apply said sum or sums so received to the payment of said promissory notes and interest hereinbefore mentioned, said payments to be made and indorsed on the back of each note in the same proportion that the face value of each note bears to the aggregate face value of all the notes covered by this agreement so that all of said notes shall be paid, canceled and returned to the makers thereof on the same date; that Oris Hubbard is hereby appointed trustee under the terms of this agreement and for the purposes herein set forth; that this agreement shall remain in full force and effect and be binding upon the signers hereof until all of the notes, above mentioned, together with the interest due thereon shall be fully paid.

"Witness our hands," etc.

The note reads:

"$100.00                    DRESDEN, KAN., December 30, 1920.

"One year after date, I, we, or either of us, promise to pay to The Farmers Equity Coöperative Association, one hundred dollars, payable at the First State Bank of Dresden, Kan., with interest from date until paid at the rate of 8 per cent per annum. Interest payable annually, and if not so paid to draw interest at the same rate. The makers, indorsers and sureties, guarantors and assignors of this note severally waive demand, presentment for payment, protest and notice of protest and of nonpayment, and agree and consent that, after maturity the time for its payment may be extended from time to time by agreement between the holder and any of them, without notice, and that after each extension or extensions the liability of all parties shall remain as if no extension had been made."

There was evidence that a note was executed to the bank for which the note in controversy and others were given as collateral; that

Farmers Equity Coöp. Ass'n v. Tice.

when the note to the bank was paid the note in controversy was re-turned to the plaintiff, and that it has been in the possession of plain-tiff at all times since, that the "Equity" was in debt and the note was given "to help put it over the bad places."

The defendant submitted evidence supporting his claim that there was no consideration for the note. With the evidence conflicting, the jury found for the plaintiff. The court approved the verdict, overruled a motion for a new trial, and rendered judgment for plain-tiff.

The question is, Was the instrument sued on an accommodation note or one executed for a valuable consideration?

The defendant contends that the court erred in admitting the agreement between the members of the Equity Union. We think not. Both were a part of the same transaction and are to be construed together.

"It is elementary that, when separate writings are executed by the same parties at the same time, in the course of and as parts of the same transaction, and intend to accomplish the same general object, they are to be construed as one and the same instrument. In accordance with this principle, notes and con-temporaneous written agreements executed as part of the same transaction will be construed together as forming one contract in a controversy between the original parties to the instrument, and persons standing in their situation are chargeable with notice of the contemporary instruments." (8 C. J. 196. See, also, *Sutton v. Beckwith*, 68 Mich. 303; *Davis v. Brown*, 94 U. S. 423, 24 L. Ed. 204.)

The agreement recites that the signers are owners of the capital stock of the plaintiff and desire to restore its capital and are desirous of having the association continue in operation; that they are en-titled to patronage or stock dividends, and such dividends are as-signed in order that they may be applied to the payment of the promissory notes and interest, and to be indorsed on the back of each note. That the agreement shall remain in full force and effect and be binding upon the signers until all the notes, together with the interest due thereon, shall be fully paid. The stipulations of the agreement are not repugnant to those of the note. The con-tents of the note indicate it was to be paid at maturity. No condi-tions are attached. The agreement provided a method of how the notes might be paid—that is, out of dividends. However, there were no dividends since the execution of the notes. The agreement provided the notes should be fully paid. The board of directors or

managers of the plaintiff had the hope that dividends would pay the notes, but there is nothing in the note or agreement to the effect that the note should not be paid if dividends were not sufficient. The note on its face imported a consideration. Provisions of the agreement were not contradictory but were in accordance therewith. The purpose or provision in the agreement regarding dividends was that all dividends were to be applied *pro rata* on all the notes, so that if the maker of any note did not have a dividend due him by reason of the business he did with the plaintiff, he would nevertheless receive a share of the profits or dividends to be applied on his note, while the maker of a note who had a large dividend due him by reason of his business or patronage with the plaintiff, would not receive all that dividend as credit on his note, but would prorate it with makers of notes who had a small or no dividend.

A sufficient definition of consideration is:

"A benefit to the party promising, or a loss or detriment to the party to whom the promise is made." (13 C. J. 311.)

"Bills and notes, like other contracts, are not limited as to kind or amount of the consideration necessary, but any benefit, profit, or advantage to the promisor, or any loss, detriment, or inconvenience to the promisee, is sufficient to support the promise contained in these instruments." (8 C. J. 212.)

"It may be laid down as a general rule, in accordance with the definition given above, that there is a sufficient consideration for a promise if there is any benefit to the promisor or any loss or detriment to the promisee." (13 C. J. 315.)

"It is not essential that the consideration shall flow direct from one party to the other, but there must be some benefit flowing to the obligor which he would not have received but for the contract. It has even been held that such benefit flowing to a third party was a sufficient consideration for a promise." (*Reavis v. Reavis*, 247 S. W. 217, 219 [Mo. App.]. See, also, *Cosmopolitan Trust Co. v. Cirace*, 248 Mass. 98, 142 N. E. 914; *Peoples State Bank v. Hunter*, 216 Mo. App. 334, 264 S. W. 54.)

The defendant was a stockholder in the plaintiff association and interested in its welfare and progress. He was interested in seeing that its business was carried on. The execution by the other stockholders of their notes for the benefit of and to aid the company in which the defendant was interested was a valuable consideration for the execution of his note.

Other objections have been considered but we find no error which would warrant a reversal.

The judgment is affirmed.