No. 30,152.

AUGUSTE REMPEL, *Appellee*, v. THE SHELL PETROLEUM CORPORATION and COURTNEY B. DAVIS, *Appellants*.

(5 P. 2d 1094.)

Opinion filed December 12, 1931.

*Guy A. Thompson, Samuel A. Mitchell, Frank A. Thompson, Truman Post Young, W. K. Koerner* and *C. P. Berry,* all of St. Louis, Mo., for the appellants.

*Braden C. Johnston,* of Marion, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action to set aside a mineral deed on the grounds of fraud, duress and want of consideration. Judgment was for plaintiff. Defendants appeal.

On February 28, 1928, appellee, a widow, executed an oil and gas lease to Courtney B. Davis, one of the defendants. This lease warranted the fee-simple title to the land in question to be in appellee. On March 16, 1928, Davis assigned this oil and gas lease to Roxana Petroleum Corporation, now Shell Petroleum Corporation. On August 22, 1928, Davis executed a release of this lease to appellee and this release was filed for record that day. On the same day appellee executed another oil and gas lease to Davis on the same land and in precisely the same language as the one to which he had just executed a release. It also warranted appellee to have the full fee-simple title. At the same time appellee executed a mineral deed to Courtney B. Davis conveying an undivided 3/22 interest in the minerals in the same land covered by the lease just mentioned. This

conveyance was in fee simple for a period of five years from the date of the instrument and as long thereafter as oil or gas, or either of them, should be produced. On August 24, 1928, both of the last-mentioned instruments were assigned to the Roxana Petroleum Corporation. It is the oil and gas conveyance just mentioned which this action seeks to set aside.

The evidence was that appellee did not own the fee-simple title to the real estate in question, but only owned an undivided one-half, the other undivided one-half being the property of her eleven children. While the negotiations resulting in the conveyance heretofore described in this opinion were taking place, quitclaim deeds conveying the real estate in question to appellee had been signed by eight of her children, so that on the 22d of August, at the time she executed the conveyance which is sought to be set aside here, and the oil and gas lease, her title was good as to everything but an undivided 3/22 interest. It is the claim of appellants herein that there was an oral understanding between Davis and appellee whereby Davis would reconvey the oil and gas conveyance to appellee whenever she secured the signatures of the other three children to a quitclaim deed, so that she could make good on her warranty of the title to the land in question. It is argued by appellant that on August 22 Davis agreed with appellee he would not sue her on her warranty of title contained in the first lease if she would execute a new lease to him and also the oil and gas conveyance of the 3/22 interest. This is the consideration that appellant claims was given by Davis for the conveyance which is sought to be set aside. It will be seen that at the time the first oil and gas lease was released by Davis he had already assigned it to Roxana Petroleum Corporation. This release was of no force or effect whatever as far as releasing appellee from liability on the warranty contained therein. This is true because the undisputed testimony is that Davis had no authority to give any such release, and that the person in the corporation who did have such authority had not done so. A consideration means "A benefit to the person promising or a loss or detriment to the party to whom the promise is made." (13 C. J. 311.)

It is necessary that there should be consideration to support a conveyance such as the one in question. (See 1 Thornton's Law of Oil and Gas, 4th ed., 208; 2 Devlin on Real Estate, 3d ed., § 810.) In view of these rules, let us see what consideration was given ap-

pellee in return for her execution of the oil and gas conveyance in question. Appellant urges that it was his promise not to sue her on the warranty contained in the first lease and cause her trouble and expense in defending that suit. The fact is, however, that his release of the first lease was only a gesture and of no force or effect whatever. If, as appellant claims, appellee was induced to execute the oil and gas conveyance, relying on the fact that she was released from any liability on the guaranty contained therein, then this conveyance was really obtained by fraud. The trial court saw fit to place its judgment on the ground of failure of consideration.

We can see no error in that conclusion. The judgment of the district court is affirmed.