No. 31,421

J. M. BERKEY, *Appellee,* v. OTIS SMITH, *Appellant.*

(28 P. 2d 763.)

Opinion filed January 27, 1934.

C. O. *Pingry* and *Carl Pingry,* both of Pittsburg, for the appellant.

C. S. *Denison,* of Pittsburg, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action to enjoin defendant from engaging in business as a funeral director and embalmer in opposition to plaintiff and in violation of a contract that he would not do so. The trial court made findings of fact and conclusions of law, in which terms used in the contract were defined, and granted the injunction in accordance with such definitions.

The facts may be stated generally as follows: Plaintiff, licensed both in Missouri and in Kansas as an undertaker and embalmer, since 1926 has been and is now engaged in that business in the city of Mulberry. Defendant operated a filling station in Mulberry, but was desirous of learning the business of funeral directing and embalming, and for approximately a year prior to February, 1931, assisted plaintiff in his work and received instructions from plaintiff in funeral directing and embalming. About February 20, 1931, defendant wanted to get a certificate or affidavit from plaintiff that he had been serving as an apprentice undertaker for a year in order that he might enter an embalming school and in order that he might take the examination before the state board of embalming. Plaintiff replied that he had once signed up for a young man who later went into competition with him. Defendant replied he would not do that, and that he would enter into a written agreement to that effect. Whereupon the parties caused to be drawn and executed the following instrument:

"This agreement made and entered into this 20th day of February, A. D. 1931, by and between J. M. Berkey, of Mulberry, Crawford county, Kansas, party of the first part, and Otis Smith, of Mulberry, Crawford county, Kansas, party of the second part.

"In consideration of the party of the first part; instructing the party of the second part, in the art of funeral directing and embalming, the party of the second part, for and in that consideration, agrees with the party of the first part, not to enter into the said business of funeral directing and embalming, in competition with the said first party, within a radius of ten miles of the city of Mulberry, Crawford county, Kansas, so long as the said party of the first part remains in said business in said city of Mulberry, Crawford county, Kansas."

Thereafter defendant continued to assist plaintiff in his business, and plaintiff continued to give defendant instruction until early in July, when defendant began attending a school for embalming at Kansas City, Mo. He finished the school in December, 1931, and thereafter took the examination before the state board of embalming and received a license. About May 1, 1932, defendant's wife, Lillian Smith, started in Mulberry "The Smith Funeral Home," which conducts the ordinary business of an undertaker, directing funerals and embalming. She testified the fact that plaintiff had a contract with her husband "inspired me to go in business for myself." She was not a licensed undertaker and embalmer. Defendant was present when she bought caskets and other supplies to start the business.

Defendant assisted her in some parts of the work and did the embalming on two bodies. This action was brought May 11, 1932. Among other things plaintiff, in his petition, set up the contract and alleged its violation. In the answer defendant admitted the formal allegations of the petition and the execution of the written instrument, but alleged fraud or deception which induced its execution, and further alleged that since the execution of the instrument, for a valuable consideration, the same had been canceled and terminated.

The trial court found that the parties entered into the contract; that it had not been rescinded or terminated; that the consideration on plaintiff's part was that he would instruct defendant in the art of embalming and funeral directing when he was not in an embalming school, and would certify that defendant had served one year under him, in order that defendant might receive credit therefor upon an apprenticeship, and on defendant's part he agreed not to enter into the business of funeral directing and embalming in competition with plaintiff within a radius of ten miles of the city of Mulberry so long as plaintiff remained in that business in Mulberry; that plaintiff instructed defendant as to practical embalming, and defendant, together with the instructions given him by plaintiff and the course taken in the embalming school, applied for and obtained a license as an embalmer; that the Smith Undertaking Establishment at Mulberry is owned and operated by the wife of defendant, and he has assisted her in her business by operating an ambulance and conveying dead bodies to her undertaking establishment and in the purchase and sale of caskets, and operating the hearse, and in seating people at funerals, and in conveying the caskets containing dead bodies to and from the hearse, and aside from this, defendant, since the commencement of the action, has not been engaged in the business of funeral directing and embalming. The court's conclusions of law were to the effect that the contract in question is valid and binding; that defendant has violated its terms, and plaintiff is entitled to an injunction; "that 'embalming,' as used in the contract, means the actual embalming and assisting in embalming, and embraces the tasks and acts incident to embalming dead human bodies; that the term 'funeral directing,' as used in the contract, means the directing of affairs at the funeral, and the rites and ceremonies accompanying the solemnizing of interment of dead human bodies; that such term does not embrace any other activities in connection

with the undertaking business, such as the purchase and sale of caskets, the operation of an ambulance for the purpose of conveying sick or injured persons, or conveying dead human bodies to undertaking establishments."

Turning now to the legal questions argued. Appellant contends the contract was without consideration. The point is not well taken. The contract as written contains mutual promises, and it is fundamental that the consideration for a promise may be a return promise. (Restatement of the Law of Contracts, § 75.) In this connection appellant argues that there was a failure of consideration in that plaintiff did not give instructions in funeral directing and embalming to defendant after the date of the contract. The trial court found against appellant on that point and the finding is supported by the evidence. The trial court found that in addition to agreeing to instruct defendant in funeral directing and embalming plaintiff agreed to certify that defendant had served one year under plaintiff, in order that defendant might receive credit therefor upon an apprenticeship. Since this element was not embodied in the contract as written, perhaps the court should not have made that finding, but since plaintiff does not complain, there being no cross appeal, we shall treat the finding as having been properly made, including that element. This additional matter in the finding, however, gives rise to an argument by appellant that the contract is illegal as against public policy. It is argued that the agreement to furnish this certificate is tantamount to an agreement to furnish evidence to establish a point in the trial of an action. The point is not well taken. In this respect the agreement was no more than to certify to a fact which existed. There is no suggestion that any inaccurate or false statement was to be made in this certificate, nor is it even hinted that such a statement was made. We see nothing in the contract as written, or as enlarged by the finding of the court, which renders the contract illegal or void, as against public policy, nor as tending to show that the consideration was insufficient. (A. L. I. Restatement, Contracts, §§ 83, 84.)

Finally, appellant argues the contract is void for the reason that it imposes an unreasonable restraint. We regard the contract reasonable as coming fairly within the proposition laid down in Restatement of the Law of Contracts, § 516 (f), which recognizes as not imposing unreasonable restraint—

"A bargain by an assistant, servant, or agent not to compete with his em-

ployer, or principal, during the term of the employment or agency, or there-after, within such territory and during such time as may be reasonably necessary for the protection of the employer or principal, without imposing undue hardship on the employee or agent."

It is true defendant was not an employee or agent of plaintiff, but he was an assistant desirous of learning plaintiff's business, requiring special knowledge and skill. The question of the reasonableness of a contract in restraint of trade or business frequently depends upon fundamental elements of common fairness in view of the facts and circumstances of the parties. When plaintiff agreed to permit defendant to assist him, and also agreed to undertake to teach defendant his business, nothing seems more natural than that defendant should agree, if requested by plaintiff, not to go into the business in competition with plaintiff within a limited area and for such time as plaintiff was engaged in that business in that locality. Defendant thought it sufficiently fair to suggest the agreement. That he profited by it is shown by the findings of the court.

The contentions he made in his answer that the agreement was induced by misrepresentation or fraud, and also that it had been terminated for a valuable consideration, were found against him by the court, and it is not argued here that these findings were unsupported by the evidence.

There is no error in the record of which appellant can complain. The judgment of the trial court is affirmed.

HUTCHISON, J., not sitting.