No. 35,728

MARGARET CODER, *Appellant*, v. CRAWFORD SMITH, *Appellee*.

(134 P. 2d 408)

Opinion filed March 6, 1943.

*Ralph H. Noah,* of Beloit, argued the cause for the appellant.

*Eldon Sloan,* of Topeka, argued the cause, and *D. C. Hill,* of Wamego, was on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This was an action for damages for the alleged breach of an oral contract. Defendant demurred to the petition on the ground that it does not state facts sufficient to constitute a cause of action. This demurrer was sustained and plaintiff has appealed.

Briefly stated, plaintiff in her petition alleged that she was 29 years of age and defendant 64; that in the spring of 1938, while she was living at Wamego, defendant told her if she would move to Kansas City, Mo., and take a beauty course and pass the examination and secure a license as a fully qualified beauty operator in Mis-

souri he would assist her with her expenses while taking the beauty course and when she was qualified he would purchase for her a "three-operator beauty shop with all new equipment, as good as any of the shops in Kansas City"; that plaintiff orally accepted this offer and moved to Kansas City and entered the school of beauty culture and completed her course in October, 1938; that about that time defendant asked her to return to Wamego, which she did, and that she resided there and at Topeka, at defendant's request, until April, 1940, when she returned to Kansas City, took the examination, and became a duly licensed operator; that many times since then she has asked defendant to buy her the shop, but he has refused to do so; that such a shop would cost $3,000, and she prayed judgment for that sum.

In this court the question argued is whether the petition alleges any consideration for the oral promise. In 17 C. J. S. 420, Contracts, § 70, it is said: "Consideration is a benefit to the promisor or a loss or detriment to the promisee," citing many cases, including *Brinkman v. Empire Gas and Fuel Co.*, 120 Kan. 602, 245 Pac. 107; *Farmers Equity Coöp. Ass'n v. Tice*, 122 Kan. 127, 251 Pac. 421; *Rempel v. Shell Petroleum Corp.*, 134 Kan. 350, 5 P. 2d 1094. Also, p. 421, § 71: "A contract must be supported by consideration to be valid and legally enforceable," citing *McGregor v. Bank*, 114 Kan. 356, 219 Pac. 520, and many other authorities. See, also, 12 Am. Jur. 564, Contracts, § 72.

In Restatement, Contracts, the pertinent portion of section 75 reads:

"Definition of Consideration: (1) Consideration for a promise is (a) an act other than a promise, or (b) a forbearance, or (c) the creation, modification or destruction of a legal relation, or (d) a return promise, bargained for and given in exchange for the promise."

In plaintiff's petition it was not alleged that the course of study taken by plaintiff was a detriment to her, or that it was any benefit to defendant; neither is any other fact alleged which would constitute a consideration under the definition above set out.

We have examined each of the authorities cited on behalf of appellant and think none of them is in point. We find no error in the judgment of the trial court and it is therefore affirmed.