No. 36,559

Donald Linley French, a Minor, by Mildred B. French, His Mother and Next Friend, *Appellee*, v. Asa Ray French and Glenda Beatrice French, *Appellants*.

(167 P. 2d 305)

Opinion filed April 6, 1946.

*Carl Van Riper* and *Russell L. Hazzard,* both of Dodge City, were on the briefs for the appellants.

*Lane A. Dutton,* of Dodge City, argued the cause, and *W. C. Gould,* of Dodge City, was on the briefs for the appellee.

The opinion of the court was delivered by

Parker, J.: This was an action for recovery of $5,000, the proceeds of United States Government Insurance (Naval Insurance), brought by Donald Linley French against the defendants, who are his grandparents.

Material allegations of the amended petitions read: Plaintiff is a minor born August 17, 1940; his parents were married November 22, 1939, but the marriage was kept a secret from naval authorities because his father desired to become a naval flight cadet and naval regulations prevented married men from being accepted; about the last week in March, 1940, the defendants came to California to visit the plaintiff's father and mother; at that time his father told defendants they were to become grandparents, that he had applied to become a United States naval flight cadet and the part he hated about going into the navy was that he was obliged to keep his marriage a secret; he would be allowed to take out $10,000 insurance but could not name his wife as beneficiary because of naval regulations; at that time plaintiff's father told the defendants he was going to take out $10,000 in government insurance and would name them as beneficiaries but if anything happened to him they were to give the insurance to plaintiff (then unborn) and his wife in equal shares; the defendants then and there orally agreed to do so; in furtherance of the father's plan he applied for and on April 29, 1940, obtained insurance in the sum of $10,000, naming his parents, the defendants, as beneficiaries; the insured was killed in an automobile accident on March 31, 1943, and thereafter the government paid, and the defendants received, $5,000 each as the beneficiaries named in such policy of insurance; since the receipt of the insurance the defendants have failed and refused to pay plaintiff the $5,000 as they agreed to do under the terms of their contract with his father.

The defendants' answer expressly disclaims that upon or during their visit with their son in California, or at any time, any agreement was made with respect to the insurance referred to in plaintiff's petition, it avers that if any such agreement was made it was void and illegal and it denies defendants became obligated to the plaintiff in any amount by reason of having collected or received the entire amount of such insurance. Otherwise the answer inferentially, if not expressly, admits all other allegations of the amended petition and in addition expressly admits that up to the date of his death the insured had not made any change in the beneficiaries of such insurance.

We pause in passing, more for informative purposes than anything else, to state reference is made in both the amended petition and answer to the fact that prior to the insured's death he was di-

vorced from the plaintiff's mother by decree of a Florida court which directed him to forthwith cause to be made payable to the plaintiff $5,000 of his government insurance. The facts are the defendants were not made parties to that action and the insured met his death before complying with the requirements of the judgment rendered therein. We deem allegations with respect to the divorce immaterial to a decision of the rights of the parties and for that reason will not hereinafter refer to them except to say the most that can be said for them is, since the decree which is attached to the amended petition recites judgment with respect to the financial rights of the parties and maintenance of their infant child was rendered pursuant to an agreement, that the decree itself was some evidence of the fact the insured had not repudiated the contract if, in fact, one had been made as alleged in the petition.

With the issues as heretofore related a jury was impaneled to try the cause and the plaintiff adduced his evidence which need not be related at length. It suffices to say that it consisted of the testimony of the plaintiff's mother who testified that her deceased ex-husband and his parents at the time and place therein mentioned engaged in and had a conversation identical in substance to the one described by the allegations of the petition to which we have heretofore referred and that each of the defendants there expressly stated to their son they would give the insurance to her and the baby if anything happened to him.

When plaintiff rested his case the defendants moved for judgment on the pleadings and evidence, which motion was overruled. They then demurred to the evidence on the ground it failed to show any right of recovery or prove any cause of action on which to base a judgment. The demurrer was also overruled. Defendants then rested their cause without the introduction of any evidence. Thereupon the court discharged the jury without submitting any issues of fact and made its own finding of fact to the effect that from the plaintiff's testimony and evidence and the admitted facts the contract for plaintiff's benefit was entered into by the defendants as alleged in his petition. The parties then requested and obtained time in which to submit written briefs. Several months later the case came on for decision and the court found as a matter of law the defendants were bound by the contract for the benefit of the plaintiff and that he was entitled to

recover from them upon contract the amount claimed by him with interest from the date they received payment of that amount from the government. Defendants then filed a motion for new trial. When it was overruled this appeal was perfected.

Notwithstanding argument to the contrary there is but one issue here involved. The petition pleaded an agreement and the uncontradicted evidence established its terms to be as set forth therein. Therefore the only question in the court below was whether under such evidence and the admitted facts there existed between defendants and their deceased son a valid contract which required them to pay plaintiff $5,000 out of the proceeds of the insurance they collected. If its conclusion of law to that effect was correct its judgment must be affirmed.

It is now well established in this jurisdiction that a third person may avail himself of a contract made by others for his benefit (West's Kansas Digest, Contracts, § 187 and Hatcher's Kansas Digest, Contracts, § 98) and he may maintain an action thereon notwithstanding he is not a party to such contract or had no knowledge of it when it was made (*Haynes Hardware Co. v. Western Casualty & Surety Co.,* 156 Kan. 356, 362, 133 P. 2d 574; *West v. Sims,* 153 Kan. 248, 252, 109 P. 2d 479), and this is true even though he is not specifically named therein so long as he is otherwise sufficiently described or designated (*Weld v. Carey,* 122 Kan. 666, 253 Pac. 253, and *Burton v. Larkin,* 36 Kan. 246, 13 Pac. 398.)

For other decisions of like effect in both this and foreign jurisdictions see 12 Am. Jur. 825, § 277 and 81 A.L.R. Anno. 1271, 1279, division III.

With specific reference to insurance it is generally held, upon varying theories, that a promise by the beneficiary to the insured to collect and pay the whole or part of the proceeds of a policy of insurance to a third person is valid and enforceable as against the promisor. (29 Am. Jur. 956, § 1281; 102 A.L.R. Anno. 588.)

Resort to the preceding authorities will reveal that in connection with an agreement such as is here disclosed recovery is allowed by some courts on the theory of estoppel, by others on the premise an enforceable trust is created and still by others under the doctrine that a third person may sue and recover upon a contract made for his benefit.

Appellants contend there can be no recovery on the theory of contract for two reasons. They argue there was no valid consider-

ation to support it. We do not agree. While it is true a contract without consideration is unenforceable this court has always recognized the elementary rule that a return promise bargained for and given in exchange for another is a valid consideration (*Kramer v. Walters,* 103 Kan. 135, 172 Pac. 1013; *Berkey v. Smith,* 138 Kan. 792, 795, 28 P. 2d 763) and in addition, has held sufficient as a consideration (*a*) any benefit, profit or advantage to the promisor or any loss, detriment or inconvenience to the promisee (*Farmers Equity Coöp Ass'n v. Tice,* 122 Kan. 127, 251 Pac. 421); and (*b*) a promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial nature and which does induce such action or forbearance if injustice can be avoided only by enforcement of the promise. (*Greiner v. Greiner,* 131 Kan. 760, 293 Pac. 759.)

Next they insist that there was no mutuality of obligation between the parties to the agreement. Assuming, without determining, the soundness of their argument we point out that, even so, the plaintiff's father went ahead and took out the insurance. When he did so the agreement was no longer executory but fully performed. In that state of affairs this court has expressly held the rule that lack of mutuality of obligation makes a contract unenforceable is no longer applicable. (*Nelson v. Schippel,* 143 Kan. 546, 56 P. 2d 469 and *Kilmer v. Victory Sand & Stone Co.,* 153 Kan. 381, 110 P. 2d 798.)

In our opinion the agreement disclosed by the record possesses all the necessary attributes of a valid contract for the benefit of another and was enforceable as such. It follows the judgment of the trial court was correct.

Having reached the conclusion just announced it becomes unnecessary to consider contentions of the parties with respect to whether the arrangement between the parties resulted in an enforceable trust or, after receipt of the insurance, leaves room for application of the equitable doctrine of estoppel.

One other matter requires our attention. Appellants in support of their position they are not liable to appellee under any theory, cite and rely in the main upon *Staples v. Murray,* 124 Kan. 730, 262 Pac. 558, in which this court held proceeds received from insurance under a somewhat similar situation were not recoverable. In that case liability was predicated and denied upon the proposition the agreement relied on did not create a complete and executed trust beyond

the power of revocation. Obviously other considerations controlled the conclusion there reached but it must be conceded some statements to be found in the opinion would, if adhered to, appear to preclude recovery in the case at bar. Be that as it may, we hold that *Staples v. Murray,* supra, can no longer be regarded as authority for the proposition that an agreement, such as is here involved, is not enforceable as a contract for the benefit of a third person and to that extent such decision is disapproved.

The judgment of the trial court is affirmed.