(648 P.2d 270)
No. 53,495

FREDYA T. LONG, *Appellant,* v. CHARLES L. BUEHLER, Devisee and Legatee, JOHN FRANK BUEHLER and GLEN ROLFS, Executors of the ESTATE OF SARA REMMERT, Deceased, *Appellees.*

Opinion filed July 29, 1982.

*John F. Hayes,* of Gilliland, Hayes, Gilliland & Dillon, P.A., of Hutchinson, for appellant.

*Don C. Foss,* of Great Bend, and *Granville M. Bush,* of Lyons, for appellees.

Before FOTH, C.J., REES and MEYER, JJ.

MEYER, J.: The question here concerns a joint and mutual will—whether same is contractual; if so, what is the extent of the survivor's power of disposition.

Oscar Remmert and Sara Remmert, husband and wife, executed

a joint will on February 28, 1966. Appellees herein claim this will is contractual. The two most pertinent parts of said will are found at paragraphs five and eight thereof. The fifth paragraph gave specific shares of the survivor's estate to various persons, while the eighth paragraph declared that certain property would pass to the survivor of the two of them (Oscar and Sara) for the "use and disposal of the survivor as he or she may deem right and proper, and all of the estate and property, real, personal and mixed of the survivor not disposed of by such survivor is hereby devised and bequeathed in the manner and according to the devises and bequests made in paragraph 'FIFTH'."

Oscar Remmert died on March 12, 1966; the aforementioned will was admitted to probate and his estate was administered to a conclusion.

Sara Remmert died on September 1, 1980. Fredya T. Long, Sara's housekeeper-companion, is appellant herein. The appellees are the executors of, and the devisees and legatees named in, the Remmert will.

In March 1978, Sara Remmert employed appellant as her housekeeper and companion at a wage of $85 per week; this wage was soon increased to $200 per week, which amount appellant received for her services until Sara Remmert's death in September 1980. Meanwhile, on July 3, 1979, Sara Remmert and appellant executed a written contract of employment wherein Sara agreed to leave appellant the Remmert home in Lyons, Kansas, in return for appellant's continued service. At that time or shortly thereafter, Sara Remmert also executed a codicil to the Remmert will, directing the executors to issue a deed to the home to appellant, provided the terms of the employment contract had been complied with. The purpose of this contract was to provide for continued care and companionship for Sara, to provide for her welfare and best interests and to maintain her comfortable lifestyle.

Following Sara Remmert's death, the Remmert will was again admitted to probate. Appellant filed a claim with the estate, based on the employment contract, in which appellant claimed ownership of the home. The court below held a hearing on appellant's claim and ruled that the 1966 Remmert will was contractual in nature, and therefore the home could not pass to appellant under the codicil to that will. That court did, however, also find as fact

that the attempt to devise the home to appellant by codicil was not the result of undue influence; that appellant had fully complied with the terms of the contract of employment; that the home, though previously held in joint tenancy by Oscar and Sara Remmert, lost its joint tenancy nature by reason of the Remmert will; that the home passed according to such will; and that appellant had been fully compensated for her services under the contract, by means of the salary payments to her.

The first issue is whether the court erred in finding that the joint and mutual will was contractual.

Whether a joint and mutual will is contractual is a question of fact. When such a determination is made from the will itself, however, the appellate court is in as good a position to make the determination as the trial court. *In re Estate of Ciochon,* 4 Kan. App. 2d 448, 451, 609 P.2d 177, *rev. denied* 228 Kan. 806 (1980). Factors to be considered in determining whether a will is contractual were set forth by this court in the case of *In re Estate of Zahradnik,* 6 Kan. App. 2d 84, 91, 626 P.2d 1211 (1981). They are:

"(1) A provision in the will for a distribution of property on the death of the survivor;

(2) a carefully drawn provision for the disposition of any share in case of a lapsed residuary bequest;

(3) the use of plural pronouns;

(4) joinder and consent language;

(5) the identical distribution of property upon the death of the survivor;

(6) joint revocation of former wills; and

(7) consideration, such as mutual promises.

*Reznik v. McKee, Trustee,* 216 Kan. at 674-78; *In re Estate of Thompson,* 206 Kan. at 291; *In re Estate of Chronister,* 203 Kan. at 369-71; *In re Estate of Wade,* 202 Kan. at 390."

The effect of a joint, contractual will between husband and wife is the creation of a binding, enforceable obligation upon the survivor who takes under the will to distribute the survivor's estate in accordance with the terms of the contractual will. *In re Estate of Duncan,* 7 Kan. App. 2d 196, Syl. ¶ 3, 638 P.2d 992, *rev. denied* 231 Kan. 800 (1982).

Here, the pertinent provisions of the Remmert will render that will contractual in nature. Specifically, the will provides for distribution of the property on the death of the survivor (paragraphs five and eight), disposes of shares in case of possible lapse (paragraph six), uses plural pronouns in each paragraph, contains

language indicative of joinder and consent of Sara and Oscar (opening paragraph), disposes of specific property identically upon the death of the survivor (paragraphs five and eight), jointly revokes former wills (opening paragraph), and states the consideration exists through the making of the will (opening paragraph). We conclude the trial court did not err in finding the will to be contractual.

The appellant states the remaining three issues as follows:

"2. Did the Court err in finding that the Appellant-Petitioner, Fredya T. Long, was fully compensated for her services under the contract of employment?

"3. Did the Court err in denying the claim of Appellant-Petitioner, Fredya T. Long, under the contract of employment?

"4. Did the Court err in failing to rule that the Remmert residence devolved to Appellant-Petitioner, Fredya T. Long, under the codicil dated July 3, 1979 and the contract of the same date?"

Actually, appellant briefs and argues these three issues under one theory of the case, *i.e.,* that the home was to be given to appellant as part of her compensation for service to Sara Remmert. It is appellant's claim that she is entitled to the home in addition to the money wages she received. She argues that the agreement to transfer the home was supported by adequate consideration, and was not merely a testamentary gift, because she fulfilled the contract as to the labor and companionship afforded the decedent. Additionally, appellant points out that her promise was to afford such labor and companionship for so long as Sara might live. At the time of entering into the contract, the duration of decedent's life was uncertain; at that time it was impossible to determine whether the contract would be performed in half a minute, or whether appellant would be obligated to perform for all the days of her life. The contract was thus aleatory, not only because of the uncertainty of the duration of Sara Remmert's life, but that of appellant as well. Her claim, then, is that she was obligated to perform the labor for and afford the companionship to decedent regardless of the length of time decedent might live, and thus, there was adequate consideration for the contract.

In *Smith v. McHenry,* 111 Kan. 659, 207 P.2d 1108 (1922), a husband and wife jointly promised Smith, their foster son, that they would leave their property to him after both had died. After the death of the husband, the wife was cared for by the defendant, McHenry, who had been raised by the husband and wife. The wife agreed to leave the farm to McHenry in exchange for caring

for her until her death and forgiveness of a $1,500 loan owed to McHenry. The probate court denied McHenry's claim for the farm and awarded it to Smith. On appeal, the Supreme Court held, inter alia, that although the contractual promise of the husband and wife to Smith was prior in time to the wife's promise to McHenry, nonetheless, under that earlier contract the survivor was entitled to use or to dispose of the property, and that Smith was only entitled to the property remaining at the death of the survivor. The wife was therefore entitled to dispose of the farm by will, if she so desired; McHenry's claim to the farm was recognized and his title was quieted therein.

*In re Estate of Duncan,* 7 Kan. App. 2d 196, concerned a case where the surviving testator, who had taken under a contractual will, was also given power to use and dispose of property. The same provision in the will, however, also specifically enumerated the powers of disposal which existed; these did not include the power to convey without consideration. As a result, this court held that the survivor was not empowered, under the terms of the contractual will, to dispose of property by testamentary gift.

It appears this court applied the rule of ejusdem generis, albeit impliedly, in *Duncan,* because the general powers to use and dispose were limited to the powers specifically enumerated. See also *Seal v. Seal,* 212 Kan. 55, 510 P.2d 167 (1973); *In re Estate of Buckner,* 186 Kan. 176, 348 P.2d 818 (1960).

Under the rule of *In re Estate of Adkins,* 161 Kan. 239, 167 P.2d 618 (1946), and as more recently stated in *Duncan,* a second will is the appropriate will to admit, regardless of the existence of an earlier joint and contractual will; the same applies to codicils, and therefore, the district court was correct in admitting the codicil to probate. The real question, however, is the effectiveness of the dispositions made in such codicil.

We hold the view that, in the instant case, the use and disposal powers of paragraph eight required that adequate consideration pass in any conveyance of the property subject to the contractual will. The main problem which presents itself to us herein is that after the court had concluded that appellant had fully complied with the contract, the court made an additional finding to the effect that appellant "was fully compensated for her services under the July 3, 1979, agreement," and went on to rule that the money compensation paid to appellant, therefore, satisfied the

consideration requirements of the contract and that appellant would not receive the home. We recognize that we must view consideration in a somewhat different light when we are faced with a contention that the survivor in a joint and mutual will conveyed property without adequate consideration. For the reasons hereinafter set out, the trial court erred in diminishing the consideration to be paid to appellant when it deleted the terms relative to the home therefrom.

Sara Remmert and appellant entered into a contract, where appellant agreed to perform personal services for Sara, and Sara agreed to pay appellant $200 per week, *and,* if appellant continued to perform such services until Sara's death, then Sara would be obligated to see that appellant gained ownership of the home in Lyons. It is undisputed that appellant fully performed her part of the bargain, and the trial court so found. As such, Sara's devise of the home by the codicil is supported by adequate consideration and was, in fact, a legal obligation on Sara's part. Further, it is quite clear Sara intended for appellant to have the home, because she instructed her attorney (who now appears for the appellees in this appeal) to draft the codicil devising the home to appellant. This codicil was executed without undue influence and after independent counsel. Though it may appear that Sara surrendered more value than benefit received, such an appearance does not defeat the adequacy of the consideration. The Supreme Court has stated:

"Generally speaking, consideration is not insufficient merely because it is inadequate. To be sufficient, the consideration agreed upon must be a legal benefit or detriment, and need not be a thing of pecuniary value or reducible to such value (12 Am. Jur., Contracts, § 122, pp. 614, 615; 17 C.J.S., Contracts § 88, p. 435). Nor does the legal sufficiency of a consideration for a promise depend upon the comparative economic value of the consideration and of what is promised in return, for the parties are deemed to be the best judges of the bargains entered into. The value of all things contracted for is measured by the appetite of the contractor (12 Am. Jur., Contracts, § 122, pp. 614, 615). Where a party contracts for the performance of an act which will afford him pleasure, gratify his ambition, please his fancy, or express his appreciation of a service another has rendered him, his estimate of value must be left undisturbed, unless there is evidence of fraud (12 Am. Jur., Contracts, § 122, p. 615). In the class of cases mentioned, if there is any legal consideration for a promise, it is sufficient. If this were not the case, the result would be that the courts would be substituting their own judgment for the promisor's, and in so doing, make a new contract for the parties (12 Am. Jur., Contracts, § 122, pp. 615, 616; 17 C.J.S., Contracts, § 88, p. 436). In *State*

*Investment Co. v. Cimarron Insurance Co.,* 183 Kan. 190, 326 P.2d 299, this court last considered the sufficiency of consideration to support a promise, and said:
" 'In *Farmers Equity Coop. Ass'n v. Tice,* 122 Kan. 127, 251 Pac. 421, we held that any benefit, profit or advantage flowing to the promisor which he would not have received but for the contract, or any loss or detriment to the promisee is sufficient consideration to support the promise. (*Coder v. Smith,* 156 Kan. 512, 134 P.2d 408; *French v. French,* 161 Kan. 327, 167 P.2d 305.)' (l.c. 196.)" *In re Estate of Shirk,* 186 Kan. 311, 321-22, 350 P.2d 1 (1960).

We conclude that for the trial court herein to invalidate the provisions of the Remmert-Long contract relating to the home in Lyons, it would be necessary for that court to find that those provisions constituted a gift. This the court did not do, and arguably could not do, under the facts of this case. Moreover, where no fraud, mistake or duress is shown, and where the contract is not illegal or contrary to public policy, it is inconsistent and not legally justifiable to bifurcate the consideration under the contract and thus write a new and different contract for the parties thereto. *Squires v. Woodbury,* 5 Kan. App. 2d 596, Syl. ¶ 1, 621 P.2d 443 (1980). We note that in the petition for probate, Sara Remmert's estate was estimated to be valued at $450,000. Being of considerable means, she was entitled to enter into a contract, such as the one now before us, designed to ensure a lifestyle commensurate with her financial status.

From this it appears that appellant was not fully compensated, *under the contract,* for her services. The trial court erred in concluding to the contrary. Sara and appellant entered into a valid enforceable contract; under the contractual will, Sara was empowered to dispose of the property in question by conveyance for adequate consideration. Appellant fully performed under the contract and therefore she was entitled to receive the consideration she had bargained for.

The judgment of the trial court is reversed, and the case is remanded with directions to enter judgment directing the executors of Sara Remmert's estate to issue a deed to the Lyons home to the appellant.

Reversed and remanded with directions.