Mallory *v.* Leiby.

---

### Anson H. Mallory *vs.* James Leiby.

Under sections three hundred and ten and three hundred and thirteen of the Civil Code of 1858, a party was permitted to testify in his own case, but not until he had given the adverse party " reasonable notice " of his intention so to do.

Notice given on the day of trial is not such " reasonable notice."

The following paragraph in an answer, viz : " That the said plaintiff in February or March, 1857, was indebted to said defendent on account in the sum of $10.50—the said amount is annexed to the answer and forms part thereof," is not a sufficient pleading of a set off ; and under it no set off whatever could be proven.

The plaintiff was not called upon to reply to such an allegation of new matter.

The facts of the case appear in the opinion of the Court.

*E. S. Lowman,* for plaintiff in error, submitted :

I. The defendant, Mallory, tendered himself as a witness on the trial, on the day of trial, the plaintiff being present. The plaintiff objected, and the Court sustained the objection. By the statutes of 1858, Code of Civil Procedure, no party shall be disqualified as a witness in any civil action or proceeding by reason of his interest in the event of the same, as a party or otherwise, but such interest may be shown for the purpose

7

of affecting his credibility. (*Stat. of Kan.* 1858, *p.* 115, § 310.) No party shall be allowed to testify by virtue of the the provisions of section three hundred and ten against a party unless he shall give reasonable notice of his intention to so testify to the adverse party, his agent or attorney. (*Laws* 1858, *p.* 116, § 313.) This section provides for notice to be given, and the reasonableness of the notice is a matter in the discretion of the Court.

The reason of the law requiring notice is to inform the adverse party of the fact, that he may be present and testify himself, and when he is so present the reason of the rule fails, and the discretion of the Court is limited and controlled. The admission of the defendant as a witness would not have worked any prejudice to the plaintiff, he being present.

II. The offset offered by the defendant, was admitted in evidence, and proved by the plaintiff on cross examination, that it was originally in favor of a firm, or partnership, to which Mallory, the defentant in the Court below, was a member, and it was also proven that Mallory had bought the account in a settlement with the firm before the suit by Leiby was instituted. The error is in the charge of the Court that if the jury believed that the account originally was in favor of a firm to which Mallory belonged, and not to Mallory individually, that they must reject it.

There is no principle of law more plain than that accounts are transferable, and that a transfer of an account or note vests in the assignee all the rights to the same held by the assignor, among which rights, under the American law, is that of bringing suit thereon in his own name. An offset can be made of any demand arising out of contract, upon which the defendant would be entitled to a judgment against the plaintiff. (*Stat.* 1855, *p.* 709.)

It was not necessary to aver in the answer that the account had been assigned, (*Laws* 1859,) and if it was necessary, the proof having been made of the transfer and allowed, it was

competent for the party to amend his answer to correspond with the facts proven. (*Laws* 1858.)

The failure to make the amendment does not preclude him from the right of offset, because that amendment could have been made even after judgment. The error was in the charge of the Court. (*Laws* 1859.)

III. The suit was tried by agreement, as there was no judgment in the Probate Court to appeal from. It was simply a waver of process on the part of the defendant, and must be regarded the same as if the suit had been originally instituted in the District Court. The amount claimed was twenty dollars and fifty cents, and was within the jurisdiction of the Justices' Court, and therefore, under the statute, the plaintiff could not recover costs. (*Laws* 1858, *p.* 160, § 552.)

*Ewing & McCook and G. W. Smith*, for defendant in error.

*Ewing & McCook*, for defendant in error, submitted:

There are three causes of error set forth in the petition:

I. As to the refusal to let Mallory testify. Section three hundred and thirteen of the Code of 1857-8 requires reasonable notice. It does not appear that any notice at all was given before Mallory actually took the stand to testify. Plainly, the record does not show *reasonable* notice.

II. (1.) Section one, statutes 1855, page seven hundred and eight, refers only to "mutual indebtedness" of that character that either party might commence an action at law against the other, upon his demand. But Mallory could not have thus proceeded in his own name against Leiby on this account.

(2.) But grant, for the argument, that this account was a proper subject of set off, the instruction was then erroneous, and the question is, did it affect injuriously, the right of Mallory? Clearly not; for there was no set off properly pleaded. The answer sets out two defenses:

1. That the note was fully "paid, satisfied and discharged." Under this plea, this account could not have been offered, for a plea of payment, in general terms, means only *money* payment, and under such plea no evidence of other payment could be offered.

2. "That said plaintiff in February or March, 1857, was indebted to said defendant, on account, in the·sum of ten dollars and fifty cents; the said account is annexed to the answer and forms part thereof."

That is all of the second plea, in which there is no allegation that the debt *was still due and unpaid.* If the plea of payment had been sustained by evidence, could judgment have been rendered in favor of Mallory for ten dollars and fifty cents on the set off so pleaded? If not, there is no ground for reversal, though the charge *were* wrong.

(3.) The second plea is, indebtedness on account to Mallory. The account exhibited is headed "Leiby, Dr. to Mallory," followed by the items of account at the dates they were incurred. Would proof of an account with Earl & Mallory support the allegation and exhibit of the plea? If not, the charge given was therefore right.

III. The third cause of error named in the petition is not urged in the brief for plaintiff in error.

In the brief, however, there is a ground of error assigned and urged, which is not set out in the petition, to wit: That there was error in allowing costs.

1. The objection is too late, not being in the petition. (*Code* 1857-8, § 515. *If stats.* 1855 *apply, then see p.* 643, §§ 23, 24.)

2. The appeal was regularly taken by Mallory from the Justices' Court on a transcript which would have been regular if filed in the District Court. The transcript was filed in the Probate Court. Though proceedings there were *coram non judice*, yet the law could, and did,

confer on the clerk of the Probate Court authority to transcribe and transmit the justice's transcript, which was duly done, and the case was thus in the District Court on appeal from the justice.

*G. W. Smith,* for defendant in error, submitted :

Debts which can be set off, must be such as are due in the same right. (2 *Yates,* 208.)

In all cases where the cause of action, which the defendant wishes to set off, arises from the same transaction on which the plaintiff founds his action, it may be offset. (1 *S. and R.* 477.)

By the Court, KINGMAN, J. This suit, originally brought before a justice of the peace, was taken up and finally tried at the September term, 1858, of the District Court for Douglas county. The suit was brought on a note, dated February 28, 1857. The answer sets up as defense two causes—payment in full and set off. There are three causes of error set out in the petition.

First. The refusal of the Court to permit the defendant below to testify.

Second. That the Court erred in instructing the jury that the offset, plead by Mallory, should be disregarded if the jury were satisfied from the testimony in the case that the offset was originally in favor of a partnership.

The third ground of error is not relied on.

The law in force at that time permitted the party to testify in his own case, but not till he had given the adverse party "reasonable notice" of his intention so to do. (*See Code* 1858, §§ 310, 313.)

The notice in this case was given on the day of trial. Was this the "reasonable notice" required by law? The object sought to be obtained by the notice was to give the adverse party an opportunity to prepare his case to meet such testi-

mony, by being present to testify himself, or to procure the attendance of witnesses who would strengthen his case, contradict the party testifying, or impeach his testimony. In this view of the reason of the law, notice on the day of trial was not "reasonable notice."

It is not necessary to inquire into the law of set off then in force, because it was not so pleaded as to be available in any case.

The paragraph of the answer attempting to set up that defense, is as follows: "That the said plaintiff in February or March, 1857, was indebted to said defendant, on account, in the sum of ten dollars and fifty cents—the said amount is annexed to the answer, and forms part thereof."

No reasoning is required to show that on such pleading no set off whatever could be proven. No reply was made to this part of the answer, setting up new matter, and so far as the plaintiff was concerned, it must have been taken as true; and being true, it showed only that some eighteen months before the answer was filed, the plaintiff was indebted to the defendant. No averment is made that it was still due, or that it had not been discharged. The plaintiff properly made no answer to such pleading—admitting, as well he might, its entire truth. It may have been in the power of the Court to have permitted an amendment of the answer, where the proof was given, but no offer to amend was made, and the presumption is that the defendant below chose rather to let the case go to the jury, as it then was, rather than continue at his costs, which would have been the necessary result of putting in an entirely new answer of set off, to which the plaintiff would have had the right to reply and time make the same.

Though not assigned as error, it is claimed that the judgment for costs is erroneous. We do not think so.

The judgment is affirmed, and a mandate will be sent to the Court below instructing it to carry the judgment there

into effect, and judgment and execution for costs is given against the plaintiff in error by this Court.

EWING, C. J., having been of counsel, did not sit in this case.