The Union Pacific Railway Company v. M. S. Baker.*

No. 161.

1. ABATEMENT—*judgment in sister state abates action here though pending prior to its rendition.* A judgment rendered by a court of another state having jurisdiction of the parties and the subject-matter may be pleaded as a bar to the further prosecution of an action for the same cause in this State, notwithstanding the latter action was pending prior to the rendition of such judgment.

2. GARNISHEE — *may interpose defense that he has paid into court in another state.* When an employer has been duly garnished and held liable in another state, and has paid, as garnishee, a debt due a resident of this State, he may interpose such garnishment proceedings and payment in bar of the prosecution of another action for the same debt in this State, although by the laws of this State such debt is exempt from garnishment.

---

*The second point of the syllabus of this case is overruled; see, C. R. I & P. Rly. Co. v. Strum, post.—REPORTER.

Error from Geary District Court. Hon. James Humphrey, Judge. Opinion filed January 11, 1897. *Reversed.*

In May, 1893, M. S. Baker, the defendant in error, was employed by the Railway Company, plaintiff in error, as a carpenter, and during said month worked twenty-one days at $2.50 per day, and was entitled to receive from the Company the sum of $52.50. During said month, and at all subsequent times hereinafter mentioned, he was a resident of the State of Kansas, and a married man. On the thirty-first day of May, 1893, the plaintiff in error was served with garnishment summons issued by F. L. Ferris, a justice of the peace of Sioux City, Woodbury County, State of Iowa, in an action pending before said justice of the peace in which one A. H. Willard was plaintiff and the said defendant in error, M. S. Baker, was defendant. The plaintiff in error, the Railway Company, answered as garnishee in that action, admitting an indebtedness of $52.10; and on the twelfth day of August, 1893, judgment was rendered in the above case against M. S. Baker for the sum of $43.90 and costs amounting to $8.20, and also against the Railway Company, as garnishee, in the sum of $52.10. This amount the Railway Company paid into the justice's court. The Company, as soon as it received notice of the pendency of this action against Baker, notified him of it, and also of the service of the garnishment summons.

After the action had been commenced in Iowa, and on the third of July, 1893, M. S. Baker began an action against the Railway Company before J. R. Grant, a justice of the peace of Junction City Township, Geary County, Kansas, to recover the sum of $52.50 for work and labor performed as a carpenter, alleging

U. P. RLY. Co. v. BAKER.                255

Jan. 11, 1897        Opinion.   Gilkeson, P. J.        C. Div.

in his bill of particulars, among other things, that the contract of employment between him and the Railroad Company, under which said work was performed, was entered into in the State of Kansas, and that the work was done in the State of Kansas and was to be paid for in the State of Kansas. On the sixth day of July, 1893, the Railway Company not appearing, the justice of the peace rendered judgment against it in the sum of $52.68. On the tenth day of July, 1893, the Railway Company filed its appeal bond with the justice of the peace and perfected its appeal to the District Court.

On motion of plaintiff, M. S. Baker, the defendant was required to file an answer or bill of particulars, setting forth its defense. The Railway Company filed an answer setting up the garnishment proceedings and judgment in Iowa as a bar to the further prosecution of this action. Issues having been joined, a trial was had on October 30, 1893, by the court, a jury being waived, which resulted in a judgment in favor of Baker and against the Railway Company for the amount of his claim.

*A. L. Williams, N. H. Loomis,* and *R. W. Blair,* for plaintiff in error.

No appearance for defendant in error.

GILKESON, P. J. The principal question involved in this case is as to the validity and effect of the judgment rendered by the Iowa justice of the peace. There is less than one hundred dollars involved, but a question arises under section 1, article 4, of the Constitution of the United States, which provides that full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state.

256 U. P. RLY. Co. v. BAKER.

N. Dept. Opinion. Gilkeson, P. J. 5 Kan. App.

Some question has been raised as to the jurisdiction of the Iowa justice of the peace to render the judgment pleaded. While the record is not as full and clear upon this proposition as it might be, and while there may be some room for doubt whether the Iowa justice had jurisdiction of the Railway Company as garnishee, we think there is sufficient in the record to show, *prima facie*, that the necessary facts existed to give jurisdiction both of the defendant and of the garnishee.

It is further contended by counsel for the defendant in error that, as the Iowa judgment was not rendered until after the commencement of this action, it cannot be pleaded as a bar to the prosecution of this case. With this contention we cannot agree. If the proceedings in Iowa were valid, and an order, or judgment, was there made on the garnishee before the trial of this case in the District Court of Geary County, we think it would be a bar to further prosecution of the case. Of course, the mere pendency in another state of an action for the same cause of action, is not a bar to an action in this State. But, as we understand the rule, if a judgment is rendered, the judgment first rendered may be interposed as a bar to the further prosecution of another action. By the appeal taken by the Railway Company from the judgment rendered by the justice of the peace of Geary County, the case was transferred to the District Court for trial *de novo*, and stood there the same as if originally commenced in that court ; nor was it tried there on the defense to the judgment of the justice, but on defenses to the cause of action. If valid, the Iowa judgment merged the cause of action and must be a bar to a further prosecution in this State of a case based on the original cause of action.

1. Judgment in sister state a bar.

"Although a suit is not abated by reason of the *pendency* of another suit between the same parties and for the same cause of action in another of the United States ; still a *judgment* rendered in one state by a court having jurisdiction of the suit, will operate as a merger of the cause of action and be a bar to the further prosecution of a suit in another state between the same parties upon the same claim.

" The defendant, a citizen of New Hampshire, was sued simultaneously by the plaintiffs, both in New Hampshire and in Vermont, upon the same cause of action.   In each suit the property of the defendant in the state in which the action was brought was attached, but the attachment in New Hampshire was subject to several prior attachments of other creditors. The plaintiffs obtained a judgment in the New Hampshire suit, which, however, had not been paid : *Held*, that the recovery of the judgment in New Hampshire was a bar to the further prosecution of the suit in this state." *McGilvray v. Avery*, 30 Vt. 538.

"Parties having a judgment in another state, legally rendered by a court of common law jurisdiction, cannot maintain an action in this state on the original debt or cause of action.

" The effect of a common law judgment is practically to destroy, so long as it exists, the grounds upon which it rests.

" The plaintiffs brought suit in the Supreme Court of the State of New York to recover a debt claimed to be due from the defendants, and afterwards brought suit in the Circuit Court of Essex County, in this State, against the defendants for the same cause of action, pending which last suit the plaintiffs obtained a judgment in the State of New York ; this judgment operates as a merger of the original debt, and may be pleaded in bar of the suit brought in this State." *Barnes & Drake v. Gibbs et al.*, 31 N. J. L. 317.

" The pendency of another suit for the same cause of action may be pleaded in *abatement* of a suit *subsequently* commenced ; but the converse of the proposition does not hold true.   The *original*, or *first* suit,

258　　　　U. P. RLY. CO. v. BAKER.

N. Dept.　　　　Opinion.　Gilkeson, P. J.　　　　5 Kan. App.

cannot be abated and a plea that another action for the same cause was *afterwards* commenced. *Renner v. Marshall*, 1 Wheat. 215. But this doctrine does not overturn the plea. The defendant does not set up matter in abatement, but in bar of the action. He does not plead the *pendency* of another suit, but a *judgment rendered*. The plea does not go to the *form* of the remedy, but to the right of the plaintiff. It shows that the cause of action which the plaintiff once had is gone forever. I can see no good reason why the defendant should not be at liberty to set up this, as well any other bar to the further maintenance of the action, which may have arisen since suit brought. It is true that he might have pleaded in abatement before the justice; but the omission to do so, cannot be construed into a waiver of the right to set up matter in bar which had not then arisen. He has omitted no opportunity of pleading the trial and the judgment before the justice; and that judgment is none the less conclusive because the defendant might have got rid of the action in another way. If the plaintiff had recovered on the former trial, he would hardly think of maintaining this action. It would be giving him two judgments against the same party for one debt. But the question now is the same, in principle, as it would be if the plaintiff had recovered before the justice. The original cause of action is merged and gone — not because the one party or the other prevailed on the former trial, but because the right has been tried, and adjudged one way or the other." *Nicholl v. Mason*, 21 Wend. 339.

To the same effect are *Rogers v. Odell*, 39 N. H. 457; *Baxley v. Linah*, 16 Pa. St. 241, 55 Am. Dec. 494; *U. S. v. Dewey*, 6 Bliss, 503.

The other question involved, the only one which gives this court jurisdiction to review the judgment, is as to the effect which should be given to the Iowa judgment. The law is well settled that the judgment of a justice of the peace is within the constitutional provision before referred to, and that, when such

judgment is proven by competent evidence in an action pending in another state, the same faith and credit must be given to it as would be given by the courts of the state wherein it was rendered. We think, therefore, it necessarily follows that the question now before us must be considered in the same way as if the present action were pending in a court of Iowa, and the judgment of the justice of the peace which is set up in this case was therein pleaded as a bar to a second action. The record shows that the garnishee set up the fact, in the proceedings before the Iowa justice, that the money due Baker was exempt under the laws of the State of Kansas, of which he was a resident, and that it gave notice to Baker without delay of the pendency of said action and garnishment proceedings. The question, then, resolves itself into this : When a debtor has been garnished and compelled to pay in another state, in accordance with the laws of such state, can he be called upon to again pay the same debt to his creditor in this State, by the laws of which such debt was exempt from legal process? In Iowa there was no exemption, and the rights of the defendant in that action, which he might have claimed under the exemption laws of Kansas, were disregarded. We do not see, on principle, why the defense made in this case should not be maintained. The Company was compelled by due process of law to pay the debt for which this action was brought, and there is no reason or justice in requiring it to pay the same again. In accordance with the laws of another state, this debt has been attached and appropriated to the payment of the debts owing by this plaintiff there ; this in our opinion should saisfy any liability of the defendant in this action, and this opinion, we think, is sustained by au-

2. Garnishee may plead payment into court in sister state.

thority. *K. C. St. J. C. B. Rld. Co. v. Gough*, 35 Kan.
1; *Railroad Co. v. May*, 25 Ohio St. 347; *Allen v. Watt*,
79 Ill. 284; *Railroad Co. v. Crane*, 102 id. 249; *Mooney
v. U. P. Rly. Co.*, 60 Iowa, 346; *Brodstreet v. Clark*, 65
id. 670; *Gority v. Gigie*, 130 Mass. 186; *Baxley v. Li-
nah*, 16 Pa. St. 241.

The judgment will be reversed and the case re-
manded for further proceedings in accordance with
the views expressed herein.