The Chicago, Rock Island & Pacific Railway Company v. E. H. Sturm.

No. 196.

Garnishee — *having paid into court in another state when jurisdiction of person not obtained, liable here.* Where an employee of a corporation doing business in this State, brings an action in the courts of Kansas for the recovery of wages due him for work in this State where he resides, and said wages are by the laws of Kansas exempt from attachment or garnishment, *held*, that the corporation cannot defeat a recovery thereon by showing that it has been garnished in another state, in an action in which no jurisdiction is acquired of the person of said employee.

Error from Republic District Court. Hon. F. W. Sturges, Judge. Opinion filed March 22, 1897. *Affirmed.*

The facts of this case are substantially these : E. H. Sturm worked for the Chicago, Rock Island & Pacific Railway Company, during the fall and winter of 1893, for which it was indebted to him. On December 13, 1893, E. H. Willard brought an action before a justice of the peace of Pottawatomie County, Iowa, against E. H. Sturm, and garnished the Railway Company. On the eighteenth day of January, 1894, Sturm brought an action before a justice of the peace of Republic County, Kansas, for the recovery of his wages, and recovered judgment thereon, February 5, 1894, for $140 and costs. The case was duly appealed to the District Court of Republic County, Kansas. On February 20, 1894, judgment was rendered by the justice in Iowa against said Sturm as debtor and said Company as garnishee, for $76.16 debt and $19 costs, and said case was duly appealed by said Company to the District Court of Pottawatomie County, Iowa. On October 10, 1894, said case came on for hearing in the District Court of Republic County,

428    C. R. I. & P. Rly. Co. v. Sturm.

N. Dept.            Opinion.   Wells, J.            5 Kan. App.

Kansas, and the Company filed a motion, supported by affidavit, asking a continuance of the cause, on account of the pendency of said cause in Iowa, which motion was refused; thereupon the defendant filed its answer, setting up the garnishment, judgment and proceedings in Iowa, and asking to be discharged.

Thereafter, on the twelfth day of October, 1894, the plaintiff, Sturm, replied, setting up the exemption of his wages and denying the jurisdiction of the Iowa court.

The cause was tried to the court on October 23, 1894, and the court found for the plaintiff, and rendered judgment against said defendant for $110, to which the defendant excepted, and brings the case here for review.

*M. A. Low, W. F. Evans,* and *J. E. Dolman,* for plaintiff in error.

*Thomas Dever,* and *V. D. Bullen,* for defendant in error.

Wells, J.   The court below founded its decision on *Mo. Pac. Rly. Co. v. Sharritt* (43 Kan. 375) exclusively, and plainly intimated that, were it not for that decision, the judgment would be the other way. That case can be distinguished from this, because in that case it is assumed that the wages were exempt under the laws of both states, which is a very important difference; and in that case no question of the violation of the United States statutes was raised.   A careful examination of the opinion of the Commissioner, the concurring opinion of Mr. Justice Valentine, and the very able and exhaustive review of Chief Justice Horton, in his dissenting opinion, satisfies us that all of the questions necessary for a decision of this case were carefully considered, and decided ad-

versely to the claim of the plaintiff in error in this
case. Having been so decided, we are bound by that
decision, until it is reversed by the court which
rendered it. We are referred to the case of *U. P.
Rly. Co. v. Baker*, ante, page 253 (47 Pac. Rep. 563),
Gilkeson, P. J., delivering the opinion, as holding
contrary to these views, but if such is the effect of
that decision, this court would still be bound by the
decision of the Supreme Court.

With these views, it is unnecessary to consider the
other questions discussed. The decision of the court
below will be affirmed.