No. 33,868

Ruth B. McElroy, *Appellee*, v. C. H. Ball, *Appellant.*

(87 P. 2d 608)

Opinion filed March 4, 1939.

*William Keith,* of Wichita, for the appellant.

*John N. Free* and *J. Ashford Manka,* both of Wichita, for the appellee.

The opinion of the court was delivered by

Thiele, J.: This was an action for forcible detainer originally filed in the city court of Wichita and appealed to the district court. Defendant appeals from the judgment of the district court.

In February or March, 1935, plaintiff and her husband, by written lease, rented a particular tract to defendant for one year beginning March 1, 1935, and expiring February 28, 1936, for cash rent payable in installments. At the end of the term defendant continued in possession. In January and February, 1937, there were some negotiations about payment of rents in arrears and for a new lease. An ineffective notice to terminate the tenancy was given, but it was followed by a notice, not abstracted, but the sufficiency of which is not questioned except as hereafter mentioned, demanding surrender of the premises for nonpayment of rents, a statement thereof being included. Defendant neither paid the rents nor surrendered the possession, and the action was instituted. Although the cause was being tried by a jury, at the conclusion of the evidence each party moved the trial court for a directed verdict, and on October 15, 1937, plaintiff's motion was sustained and the jury was directed to bring in a verdict in her favor. In due time defendant filed a motion for a new trial, and on November 13, 1937, it was denied. On January 12, 1938, defendant perfected his notice of appeal.

Appellant, in his brief, presents for our consideration five claims: (1) the right of appellee to maintain an action for possession and for rent on a lease which had expired by limitation; (2) improper joinder of an action for forcible detainer and an action for rent; (3) that the trial court erred in denying his request for a directed verdict; (4) that the trial court erred in admitting and refusing to admit certain evidence; and (5) that the trial court erred in directing a verdict for appellee.

Appellee challenges appellant's right to be heard, claiming that the questions presented are questions of law settled on October 15, 1937; that a motion for a new trial was unnecessary; that the orders were final; and that the appeal was taken too late. Such a claim ignores appellant's fourth contention. We need not analyze fully the effect of a directed verdict. Here both parties, by their respective motions, submitted the cause to the trial court for its decision, and its decision, under the circumstances here obtaining, was necessarily based upon consideration of testimony which was in part conflicting, and upon assumption that no competent evidence had been excluded and no incompetent evidence admitted. Under G. S. 1937 Supp. 60-3314a, we think this appeal was not too late.

Appellant's contention that appellee could not maintain a joint action for possession and for rent because the original lease had expired, and that there was improper joinder of causes of action, will be considered together. There is no dispute in the evidence that after the expiration of the original term, appellant held over with the assent of appellee, and under G. S. 1935, 67-502, he became a tenant from year to year. Even though he had held without special contract, he would have been liable for rents to the person entitled thereto under G. S. 1935, 67-520. The only question under either situation would be the sufficiency of the notice to quit, whether one was required or not, the length of notice, etc., and none of those questions is in issue here.

Appellant directs our attention to *Turner v. Wilcox*, 32 Okla. 56, 121 Pac. 658, 40 L. R. A., n. s., 498, and to the note in the last citation, and contends that by reason of the negotiations looking to a lease for a third year, he cannot be considered as a tenant from year to year. The situation there discussed does not obtain here. There was no holding over here by reason of the negotiations. During the first year appellant was a tenant by virtue of his lease. During the second year he held over with the assent of his landlord, and under

the statute he was a tenant from year to year. He did not change his status for that second year by negotiating for a third year. Although it is argued that appellant refused longer to continue as a tenant from year to year and stayed in possession for a few days by reason of the negotiations, it must be borne in mind that this was disputed by the appellee, whose evidence not only controverted that of appellant but also showed that in January she had served a notice to terminate the tenancy, which notice proved to be defective, and thereafter she had served the notice on which the suit was based. (See G. S. 1935, 61-1304 and 67-507.) Our conclusion is that appellee had the right to institute the action and that under the evidence the trial court was not bound to find that a new and different tenancy was commenced on March 1, 1937, which must have been the case if appellant's contention is to be sustained. It may be said, however, that if the negotiations did not result in a new contract, appellant was at most a tenant without special contract. He could not say he would no longer be held as a tenant from year to year and by remaining in possession of the real estate avoid the statutory consequences following failure to pay rents past due. The appellee had the right to maintain the action. We need not analyze appellant's contentions with respect to claimed misjoinder, for we have no doubt that under G. S. 1935, 61-1305, appellee not only could, but probably must, couple the claim for rents with the claim for possession, where the action for recovery of possession is based on nonpayment of rents.

Appellant's contention that incompetent evidence was admitted is based on the claim that the notice to quit was incompetent until appellee had established that the relation of landlord and tenant existed. In our opinion that relationship had been shown sufficiently, and the notice was properly received.

Appellant contends, also, that the trial court erred in striking out certain evidence. The written lease is not set out in the abstract. Appellee testified it was dated February 15, 1935, the term commencing March 1, 1935. Appellant testified: "I leased this property from Mrs. McElroy March 15, 1935," etc.

He further testified that a part of the land had not been farmed and that the landlady agreed he should have credit on the lease if he would keep the weeds down on that ground; also, that he was to have credit for doing some work on a roadway on the place which it was necessary he do in order to move in, and that he was also to have credit for filling in around the buildings. On cross-examination it

was developed that all of the claimed agreements were made on the same day the lease was executed and before it was delivered by appellee to appellant. The trial court ruled that such agreements, if made, should have been included in the lease, and struck out the testimony with respect thereto, holding in effect that appellant was attempting to vary the terms of a written instrument.

The ruling was correct. Appellant's contentions cannot be sustained. The judgment of the trial court is affirmed.