No. 36,818

JAMES BIRMINGHAM, *Appellee,* v. M. & W. MINING COMPANY, INC., D. L. MUNDON and W. R. WELTY, *Appellants.*

(180 P. 2d 615)

VERNOR J. BOWERSOCK, judge. Opinion filed May 3, 1947.

*Marc Boss,* of Columbus, argued the cause, and *Fred A. Walker,* of Columbus, and *A. L. Commons,* of Miami, Okla., were with him on the briefs for the appellants.

*Sylvan Bruner,* of Pittsburg, and *Louis N. Wolf,* of Joplin, Mo., argued the cause and *Joe L. Henbest,* of Columbus, and *Daniel J. Leary,* of Joplin, Mo., were with them on the briefs for the appellee.

The opinion of the court was delivered by

BURCH, J.: The appeal in this case is from orders overruling demurrers to a petition and a motion to strike certain allegations, which motion was treated and ruled upon as a demurrer.

The action was brought to recover $55,000 as actual damages and $20,000 as punitive damages for personal injuries alleged to have been sustained by the plaintiff while working for the defendants in their lead and zinc mine located near Picher, Okla. The plaintiff alleges that he contracted fibrosis silicosis and tuberculosis as a consequence of having inhaled silica dust in harmful quantities over a period of time. The petition is predicated upon alleged acts of common law negligence by the defendants and their failure to comply with certain Oklahoma statutory regulations. The defendants concede that the second amended petition filed by the plaintiff

alleges a basis for recovery at common law but assert that because the plaintiff alleges therein that he brought another action against the same defendants for the same cause of action in a district court of Oklahoma, a presumption prevails as a result of the resistance of certain motions to make definite and certain that the Oklahoma action is still pending and that, therefore, the plaintiff cannot recover in the present action by reason of our statute, G. S. 1935, 60-705, which reads:

"The defendant may demur to the petition only when it appears on its face, either: . . . *Third,* that there is another action pending between the same parties for the same cause. . . ."

The defendants also contend that the allegations in the petition relative to the Oklahoma statutory regulations should have been stricken from the petition because of the failure to allege therein certain conditions precedent which the defendant assert must be alleged before the Oklahoma statute, the same being section 417, title 45, of the Oklahoma Statutes of 1941, becomes applicable. The defendants' contentions will be considered in the order of their assertion.

1. The first amended petition filed by the plaintiff contained an allegation reading as follows:

"Plaintiff states that on or about August 31, 1944, he brought suit on the within cause of action against the defendants in the District Court of Ottawa County, Oklahoma; . . ."

The defendants filed a motion seeking to require the plaintiff to amend the petition "by attaching true and correct copies of the pleadings and files of the case filed in Ottawa county, Oklahoma, . . ." Plaintiff resisted the motion and the district court overruled it. The defendants concede that in the absence of a motion to make definite and certain, the demurrer would not have been good because an allegation merely alleging that an action had been brought would not have been equivalent to alleging that the action was pending, as our statute reads. But they assert that by reason of the motion having been filed and resisted the court, on demurrer, must construe the petition strictly, and that the inference arising from the successful resistance of the motion seeking to require the plaintiff to attach copies of all the pleadings and files in the case is that the action filed in Oklahoma must be still pending. In support of such reasoning they cite the case of *Arensman v. Kitch,* 160 Kan. 783, 165 P. 2d 441, which reads:

"Another such rule is that where a motion to make definite and certain is successfully resisted a pleading must thereafter, when tested by demurrer, be strictly construed against the pleader as to all matters covered by the motion [citing cases]. . . ." (p. 788.)

The second amended petition, against which the demurrer under consideration was filed, contained the same allegation relative to the Oklahoma action as was set forth in the first amended petition. Therefore, we observe that the plaintiff did not see fit voluntarily to explain in any way or to make definite and certain the status of the litigation in Oklahoma. In such circumstances we are inclined to agree with the defendants that a presumption may prevail from the present condition of the pleadings that the action is still pending in Oklahoma. However, it does not necessarily follow from a ruling to such effect that the demurrer should have been sustained. The plaintiff asserts that the mere pendency of an action for the same cause of action *in another state* is not a bar to an action in this state. The defendants contend, in reply, that our applicable statute, hereinbefore quoted, does not distinguish as to jurisdictions in which another action is pending and that it was the evident intent of the legislature, in passing the statute, to relieve a defendant from the burden of having to defend the same action twice regardless of whether the two cases were pending in the same state or in different states. There is much logical merit in the argument advanced by the defendants but the overwhelming weight of authority holds to the contrary. In *U. P. Rly. Co. v. Baker*, 5 Kan. App. 253, 47 Pac. 563, the opinion volunteers the following *dictum*:

"Of course, the mere pendency in another state of an action for the same cause of action, is not a bar to an action in this state." (p. 256.)

The rule is set forth in 1 C. J. S. 98, § 65, as follows:

"Pendency of a prior action in one state, ordinarily, is not ground for abating a subsequent action in another state."

The text continues:

"In the application of the doctrine of 'another action pending,' each state is regarded as foreign to every other state, and hence, the pendency of an action in personam, or transitory action, in one state cannot, as a general rule, be pleaded in abatement of an action subsequently commenced in another state between the same parties for the same cause of action, . . ." (p. 98, § 65.)

In support of the statement the text cites many United States Supreme Court decisions, also cases from seventeen or more state reports, and 1 C. J. 85. Moreover, the text continues, as follows:

"This rule is not affected by the code provisions prescribing demurrer, answer, or motion, as the mode of raising the objection of another action pending, as such a provision applies only to actions and suits pending in the same state." (p. 100, § 65.)

1 Am. Jur. 42, § 39, states the rule, as follows:

"The pendency of a prior suit in one state cannot be pleaded in abatement or in bar to a subsequent suit in another state even though both suits are between the same parties and upon the same cause of action."

Such text cites in support of the rule a colossal collection of cases and continues as follows:

"This, generally speaking, is the rule, although the courts of the state where the prior suit is pending had complete jurisdiction. Both suits may proceed until judgment is rendered in one of them." (p. 42, § 39.)

The general rule seems to be subject to an exception in cases involving jurisdiction over the custody or dominion of specific property but we are not concerned with the exception in the present case. Mr. Justice Sutherland repeated the rule in *Chicago, R. I. & P. Ry. v. Schendel*, 270 U. S. 611, 70 L. Ed. 757, 46 Sup. Ct. 420, 53 A. L. R. 1265, as follows:

"Where both are *in personam*, the second action or proceeding 'does not tend to impair or defeat the jurisdiction of the court in which a prior action for the same cause is pending. Each court is free to proceed in its own way and in its own time, without reference to the proceedings in the other court. Whenever a judgment is rendered in one of the courts and pleaded in the other, the effect of that judgment is to be determined by the application of the principles of *res judicata* by the court in which the action is still pending in the orderly exercise of its jurisdiction, as it would determine any other question of fact or law arising in the progress of the case. The rule, therefore, has become generally established that where the action first brought is *in personam* and seeks only a personal judgment, another action for the same cause in another jurisdiction is not precluded.' (*Kline v. Burke Constr. Co.*, 260 U. S. 226, 230, 67 L. Ed. 226, 230, 24 A. L. R. 1077, 43 Sup. Ct. Rep. 79.)" (p. 615.)

The rule has been applied under a code provision reading exactly the same as ours, in the case of *Carpenter v. Hanes*, 162 N. C. 46, 77 S. E. 1101, from which the following is quoted:

". . . the remedy is by a demurrer, 'That there is another action pending between the same parties for the same cause.' (Revisal, 474, 3), and in such case even, it must appear that the other action is pending in this state." (p. 50.)

Counsel for the defendants have not cited us any case holding to the contrary and our limited research has not disclosed one.

Consequently, we conclude that our statute pertaining to a demurrer where there is another action pending applies only to another action pending in this state. .

2. The remaining error asserted by the defendants is that the district court ruled incorrectly in not sustaining their motion to strike all references and allegations in the second amended petition pertaining to the Oklahoma statute. The original and first amended petitions alleged only that the defendants' violation of the statute had consisted of their failure to comply with a portion of the statute reading as follows:

". . . the Ground Foreman in charge of the underground workings in· any such mine or mines, so equipped with a water line, shall require all ground or dirt after being shot or blasted to be thoroughly wet or sprinkled to such an extent as shall prevent, as far as is practicable any dust from arising therefrom, while the employees are at work therein."

The defendants attacked the first petition, insofar as it pertained to the Oklahoma statute, in a motion to make the petition more definite and certain by requesting that the plaintiff be required to set forth therein "the entire text of the Oklahoma statute relied on." The motion was overruled. After the first amended petition was filed containing the same allegation as to the Oklahoma statute, the defendants again sought to have the petition made more definite and certain by a motion containing the following paragraphs:

"4. That plaintiff be required to amend . . . by separately stating and numbering his pretended causes of action therein, the one being based upon alleged violation, by defendants, of an Oklahoma Statute, and the other being based upon alleged common law liability.

"5. That plaintiff be required to amend . . . by pleading the entire Statute relied on (instead of a selected excerpt therefrom), so as to show with particularity the applicability of said Statute to the instant case. . . ."

The district court overruled the request contained in paragraph "4" but sustained the motion as to paragraph "5." Therefore, it will be seen that the defendants, by proper and timely motions, had sought to require the plaintiff to plead the statute with sufficient particularity to establish clearly whether the statute was applicable or inapplicable in the present case. The defendants assert, and we agree, that in such circumstances the pleading which follows should be strictly construed under the authorities hereinbefore set forth. Following the court's ruling on the motion, the plaintiff's second amended petition was filed. It contained the same allegation pertaining to the portion of the statute set forth in the pre-

ceding petitions but also attached the entire statute relied on as an exhibit and as a part of the petition. In addition, the second amended petition set forth in a separate paragraph a claim for the recovery of punitive damages. Such paragraph contained several allegations pertaining to the violation of the statute. The defendants ·moved to strike the entire exhibit, which consisted of the statute and all references and allegations pertaining to the statute, from the second amended petition. The defendants assert that the motion to strike was the equivalent of a demurrer and that, therefore, the adverse ruling thereon was an appealable order. The plaintiff does not contend to the contrary and our decisions support defendants' assertion. Consequently, we must consider whether the second' amended petition alleged a cause of action predicated upon a violation of the Oklahoma statute.

We are advised in the plaintiff's brief that .the Supreme Court of Oklahoma has not given reported consideration to construction of the involved statute in similar circumstances. Being without such assistance, since the litigation is in Kansas, we must construe the Oklahoma statute. Examination of such statute reveals that section 417 thereof is the only section requiring construction in the present case. It reads:

"The *Mine Inspector is* hereby authorized, empowered and *directed to* thoroughly *inspect* all underground excavations in *all such mines as often as such Inspector may deem proper,* for the purpose of ascertaining or discovering in the air in any such mine or mines the presence of dust in such quantities as shall be injurious to the health of the employees engaged in working in such underground excavations; *and upon finding* dust in the air of any such mine or mines in quantities *exceeding three hundred particles per cubic centimeter,* as shall tend to injure the health of the employees of such mine, *such Inspector shall immediately notify the Operator of such mine or mines, in writing,* specifying the underground excavation so found to contain dust particles in excessive amounts, as aforesaid in the air thereof, and *such Operator* of such mine or mines *shall within fifteen days after receiving such written notice,* provide, install, and equip, and *thereafter* at all times maintain in such mine a *water line* fully equipped, and in good serviceable working order and repair, leading up to the face of any and all drifts where dust is produced, or so close to the face of said drifts so that by the use of a suitable hose extension or sprinkling attachments to be supplied by the owner or owners of said mine, the mineral or earth in and adjoining the face of the drift or drifts of such mine can be sprinkled or wet by water from said pipe line; *thereupon and thereafter,* every person drilling, squibbing or blasting in said mine shall keep the face, surface, and drill holes in said drifts or drift wet or moist by the use of water from said water line to such an extent in such a way as shall prevent, as far as possible, any

dust raising from the working of any such face, or from the drilling, blowing, or shooting of any hole or holes; and the Ground Foreman in charge of the underground workings *in any such mine or mines, so equipped with a water line,* shall require all ground or dirt after being shot or blasted to be thoroughly wet or sprinkled to such an extent as shall prevent, as far as is practicable any dust from arising therefrom, while the employees are at work therein." (Emphasis supplied.) (Okla. Stat. 1941, Tit. 45, § 417.)

We are unable to find in the plaintiff's petitions any allegations asserting that the defendants' mine ever has been inspected by the state mine inspector. Insofar as the pleadings show, no one has ever determined that the air in the defendants' mine contained dust particles in excess of "three hundred particles per cubic centimeter, as shall tend to injure the health of the employees." The petitions do not allege that any mine inspector has ever notified the defendants "in writing" (or otherwise) of the presence of excessive amounts of dust in their mine. Consequently, no statutory conditions precedent have been alleged which would have required the defendants to equip their mine with "a water line." It also follows that since the allegations do not assert a basis requiring the installation of a water line that the alleged failure on the part of the ground foreman to use a water line in a proper manner would not constitute a violation of the statute. Such certainly is correct in the absence of any allegation that the defendants' mine ever had been equipped voluntarily with a water line. The plaintiff's pleadings contain no allegation to such effect. We find nothing in the section under consideration, and it is the only section which the plaintiff alleges is germane to the controversy, which requires the defendants to do anything in the absence of an inspection and a written requirement by the mine inspector.

Counsel for the plaintiff insist that the foregoing interpretation of the statute would emasculate the purposes of the act. In support of such an argument they rely largely upon the case of *Simpson v. Iron Works Co.*, 249 Mo. 376, 155 S. W. 810. The cited case can be readily distinguished from the present case. Such case arose under the so-called "Factory Act" of Missouri (R. S. 1909, sec. 7828), which provided that belting should be guarded when possible and if not that notices of danger should be conspicuously posted. A subsequent section of such act (7842) declared that whenever the factory inspector found that the belting was dangerous and not sufficiently guarded he should notify the employer to

make the necessary alterations and additions within thirty days and that a failure to comply with the notice within thirty days should be deemed a violation of the act. Still later provisions of the act (sections 7846-7851) set forth that a violation of the provisions should be punishable as a misdemeanor. The opinion holds that the first section, which required that the operator guard the belting when possible and, if not, to post notices of danger, was not dependent upon the subsequent section providing for inspection. The opinion reads:

"If the employer is guilty of negligence *per se* in violating the statute imposing personal duties on him, as is the law, then his negligence exists *prior* and independently of the report thereof by the inspector." (p. 386.)

We have no similar sequence of statutes in the present case. The plaintiff has not alleged or called to our attention any provision of the Oklahoma statute which requires a mining operator to install a water line prior to and independently of the requirement of the state mine inspector. Plaintiff's counsel insist that we should read such a requirement into the act for humanitarian and practical purposes. They call our attention to the title of the act which reads in part that the act was enacted "For the Protection of the Lives, Health, Safety and Welfare of Persons Employed" in lead and zinc mines. The title of the act was not referred to in the petitions but if it had been our construction of the act would not be inconsistent with the title. If our construction of the act is impractical, that difficulty arises by reason of deficiences in the provisions of the act. If such is the case, the remedy rests within the discretion of the Oklahoma legislature. We cannot invade its domain and read into the statutes provisions which do not therein exist. After careful consideration of all arguments advanced by counsel for the plaintiff, we conclude that the order of the trial court overruling the motion to strike all references and allegations pertaining to the Oklahoma statute contained in the second amended petition was erroneous.

The corporation defendant named in this case filed a separate demurrer upon two grounds. The district court sustained its demurrer upon the second ground set forth therein and such ruling was not appealed from by a cross-appeal on the part of the plaintiff. Consequently, we do not pass upon such ruling. The first ground of the corporate defendant's demurrer has been considered herein and was overruled by the district court. The separate demurrer of

the individual defendants, which contained the same grounds, was overruled entirely. The rulings of the district court pertaining to the demurrers, with the exception noted, are affirmed. The motion to strike apparently was filed by all of the defendants. The district court's ruling on such motion is reversed.

Hoch, J., not participating.