No. 44,776 and No. 44,777 (Consolidated)

No. 44,776

CITIES SERVICE OIL COMPANY, a Corporation, and ASHLAND OIL & REFINING COMPANY, *Appellants*, v. STATE BOARD OF EQUALIZATION OF THE STATE OF KANSAS, et al, *Appellees*.

No. 44,777

CITIES SERVICE OIL COMPANY, a Corporation, and FOSTER PETRO- LEUM CORPORATION, *Appellants*, v. STATE BOARD OF EQUALIZATION OF THE STATE OF KANSAS, et al, *Appellees*.

(428 P. 2d 456)

Opinion filed June 10, 1967.

*Ernest J. Rice*, of Topeka, argued the cause and *Arthur E. Palmer*, of Topeka, was with him on the brief for the appellants. *Cecil C. Cammack, R. O. Mason* and *Graydon D. Luthey*, all of Bartlesville, Oklahoma, were on the brief for Cities Service Oil Co., *appellant; Arloe W. Mayne*, of Ashland, Kentucky, was on the brief for Ashland Oil and Refining Company, *appellant;* and *Thomas B. Preston*, of Bartlesville, Oklahoma, was on the brief for Foster Petroleum Cor- poration, *appellant.*

*John C. Woelk*, of Russell, argued the cause, and *Don C. Staab*, County Attorney of Ellis County, *Arthur B. McKinley*, County Attorney of Haskell County, and *George D. Wagstaff*, of Topeka, were with him on the brief for the *appellees.*

The opinion of the court was delivered by

PRICE, C. J.: In each of these two consolidated appeals, the appeal is by plaintiffs from an order dismissing their action.

We first discuss case No. 44,777, which involves property in Ellis county.

On December 27, 1965, plaintiffs brought an action in Ellis county under the provisions of K. S. A. 79-2005, to recover taxes paid under protest. That action is still pending and is the subject of the appeal in this court in *Cities Service Oil Co. v. Kronewitter* (case No. 44,775) this day decided. Reference is made to the opinion in that case for the factual background of the matter.

On February 3, 1966, plaintiffs filed this action (case No. 44,777) in Shawnee county naming as defendants the same state and county officials as are defendants in the mentioned Ellis county case. They denominated this action as one brought under K. S. A. 60-907 (*a*), which provides that injunctive relief may be granted to enjoin the illegal levy of any tax, charge, or assessment, the colllection thereof, or any proceeding to enforce the same. They further contend that venue is properly in Shawnee county because it was there that the State Board of Tax Appeals—sitting as the State Board of Equalization—made the ruling the enforcement of which is sought to be enjoined [K. S. A. 60-602 (2)].

On February 23, 1966, all defendants joined in a motion to dismiss this action on the grounds (1) the court had no jurisdiction over defendants, and improper venue; (2) that the petition failed to state a claim upon which relief could be granted to the plaintiffs against defendants; and (3) that the same action is pending between the same parties in the county (Ellis) wherein the property described in the petition is located. In the alternative, the motion sought summary judgment for defendants on the ground there was no genuine issue as to any material fact and that defendants were entitled to judgment as a matter of law. Attached as an exhibit to the motion to dismiss was a copy of the petition in the Ellis county case above referred to.

On June 13, 1966, the district court of Shawnee county sustained the motion to dismiss the action on the ground it was duplicitous of the pending Ellis county action. In its ruling the court noted that the same end result was sought in both cases—relief from alleged excessive tax assessments.

Plaintiffs have appealed from the order of dismissal.

It is unnecessary to a decision in this case to discuss questions concerning the alleged lack of jurisdiction of the district court of Shawnee county; whether the petition states a cause of action

against defendants; questions pertaining to venue; the local aspects of property tax assessments, and whether injunction will lie to enjoin a past act. We limit our discussion and decision to the question whether this action is duplicitous of the Ellis county case—that being the ground on which it was dismissed.

We agree with the trial court's conclusion that irrespective of the language employed in the petitions, the same end result is sought in both cases—recovery of alleged excessive taxes which were paid under protest. On oral argument of this appeal counsel for plaintiffs frankly admitted such to be the fact, and stated that this action was filed in Shawnee county due to some uncertainty as to the exact proper procedure to be followed. Here the parties, the facts, and the ultimate relief sought—are identical to the parties, facts, and the ultimate relief sought in the pending Ellis county case. Clearly this action is duplicitous of that action.

In the early case of *Mullen v. Mullock*, 22 Kan. 598, 603, it was said that the law is so watchful against all vexatious suits that it will not suffer two actions of the same nature to be pending for the same demand. To the same effect is *Bond v. White*, 24 Kan. 45, 48, 49. The same principle also was recognized in *Birmingham v. M. & W. Mining Co.*, 163 Kan. 66, 180 P. 2d 615.

Case no. 44,776 involves property in Haskell county, and the parties are identical to the parties in a pending action brought in that county under the provisions of K. S. A. 79-2005, to recover taxes paid under protest. Insofar as this appeal is concerned, the facts, questions and ruling are the same as those in case no. 44,777. What has been said and held in case no. 44,777 applies equally to case no. 44,776.

The order of the district court of Shawnee county dismissing each of the actions was correct, and in each case the judgment is affirmed.